**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JERRY L. HARRISON | |
| Plaintiff, | No. 1:08-cv-00410(RWR) |
| v. | Initial Conference 6/20/08 9:00 a.m. |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY | |
| Defendant | |

**JOINT RULE 16.3 STATEMENT**

This is an action for race discrimination by Jerry L. Harrison against the Washington Metropolitan Area Transit Authority ("WMATA"). Harrison is a mason, Class AA mechanic who claims that he was denied overtime and subjected to a racially hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. Plaintiff filed an internal complaint with WMATA's Office of Civil Rights, which was denied for lack of probable cause. Plaintiff filed a Charge with the EEOC and received a Right to Sue letter. WMATA denies that it discriminated against plaintiff in any way.

The parties have conferred over the matters set forth in Local Rule 16.3 and agree that this case should be placed on the Court's complex track because of the number of witnesses involved. Accordingly, the parties report, as to each item of Rule 16.3 as follows:

1. The matter is not likely to be disposed of on dispositive motions prior to the completion of discovery. WMATA believes that the matter may lend itself to

resolution by dispositive motion at the close of discovery.

2. The parties do not anticipate amending the pleadings.

3, The parties consent to a Magistrate for discovery, but not for any other purpose.

4. The parties believe that there is a reasonable chance of early settlement.

5. The parties agree that, if the case is not settled early, that they would benefit from referral to the Court's ADR program at the close of discovery.

6. The parties agree that, if the case is not resolved through ADR, that summary judgment motions be filed 30 days after the end of the ADR referral, oppositions 30 days thereafter and replies 15 days thereafter.

7. The parties agree that Initial Disclosures be served 30 days after the Scheduling Conference.

8. The parties agree on the presumptive limit of 10 depositions and 25 interrogatories per side. The parties agree on a 180 day discovery period.

9. The parties agree that plaintiff's 26(a)(2) statements be served 90 days after the Scheduling Conference, defendant's 26(a)(2) statement 120 days after the Scheduling Conference and that expert depositions be completed within the 180 day discovery period.

10. Not applicable.

11. The parties do not believe that bifurcation of proceedings is necessary.

12. The pretrial conference should be held at a date convenient to the Court after the resolution of summary judgment motions, with the anticipation that trial would occur 30 to 60 days thereafter.

13. The parties agree that the Court should set a trial date at the pretrial conference.

14. None.

Respectfully submitted,

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY

/S/

David J. Shaffer (#413484)
600 Fifth St., N.W.
Washington, D.C. 20001
(202) 962-2820
(202) 962-2550 (fax)
Dshaffer@wmata.com
Attorneys for Defendant WMATA

/ s/

Richard A. Salzman
HELLER, HURON, CHERTKOF,
LERNER, SIMON & SALZMAN, PLLC
1730 M Street, NW
Suite 412
Washington, DC 20036
(202) 293-8090
(202) 293-7110 (fax)
salzman@hellerhuron.com
Attorneys for Plaintiff

1.